**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Trevor Segrist,

        Plaintiff,

v.

Lippmann Motors LLC, et al.,

        Defendants.

No. CV-25-04123-PHX-KML

**ORDER**

Plaintiff Trevor Segrist believes defendant Yunier Molina Ramirez negligently operated a pickup truck, causing an accident in which Segrist was injured. Segrist filed his original complaint in November 2025, and the case was assigned to a magistrate judge. (Doc. 3.) On January 5, 2026, Segrist filed an amended complaint. It appears that was Segrist's amendment as of right. Fed. R. Civ. P. 15(a)(1). But in amending his complaint, Segrist did not comply with Local Rule 15.1, which requires the filing of a version of the amended complaint indicating how it differs from the original.

The amended complaint asserts negligence claims against Ramirez, two limited liability companies (Lippman Motors and Normed), and four individuals and their spouses (Nikolas Binioris, Abraham Lippman, Hugo Lopez Lopez De Cardenas, and Yoan Miguel Rodriguez Gonzalez). (Doc. 10.) The amended complaint does not explain the relationship between Ramirez and the other defendants beyond claiming Ramirez "was driving in the course and scope of his employment or agency" with all the other defendants. (Doc. 10 at 7.)

Segrist experienced significant difficulties serving defendants and eventually the magistrate judge granted him permission to complete alternative service of process. (Docs. 18, 21.) For unknown reasons, Segrist then filed a second amended complaint. (Doc. 22.) Because Segrist was not granted leave to file another amended complaint, it appears this amendment was improper. And as with his earlier amended complaint, Segrist again failed to comply with Local Rule 15.1(a), making it difficult to determine how it differs from the previous complaint. But one obvious difference is that it adds more defendants: R & G Trucking, LLC, and Yoan Miguel Rodriguez Garcia. (Doc. 22.)

On March 30, 2026, Abraham Lippman filed a motion to dismiss and to quash service. (Doc. 33.) That motion argues the court lacks personal jurisdiction over Lippman, service was improper, and the complaint does not state a claim for relief. Segrist filed an opposition (Doc. 36), but Lippman did not file a reply.

On May 6, 2026, the court set a hearing for May 19, 2026, at which Lippman was required to appear and explain why he had not completed the magistrate judge election form. (Doc. 39 at 1.) The hearing was held on May 19, 2026, but Lippman did not appear. (Doc. 41.) The court issued a second order requiring Lippman to explain in writing why he "should not be sanctioned pursuant to 18 U.S.C. § 401 and/or the Court's inherent authority for failing to comply with the Court's prior order" that he appear at the May 19 hearing. (Doc. 42.) The deadline for Lippman's written explanation expired without him filing anything.

On May 26, 2026, Segrist applied for the entry of default against all defendants, including Abraham Lippman. (Docs. 43-52.) Lippman's motion to dismiss was still pending and the docket does not explain why Segrist applied for Lippman's default. But Lippman's default was entered, as were the defaults of the other defendants. (Doc. 53.) The case was then reassigned from the magistrate judge to allow for Segrist "to move for judgment of default for failure to defend." (Doc. 54 at 1.) Having reviewed Segrist's filings, significant issues prevent the court from proceeding to default judgment.

The first is that it is not clear which complaint should be deemed the operative

complaint. Segrist filed an amendment as of right (Doc. 10) and then filed (procedurally improperly) another amendment (Doc. 22). Normally, Segrist would be required to explain which amended complaint should be deemed the operative complaint. But Segrist will need to file an amended complaint to fix other issues, so the confusion regarding the operative complaint need not be resolved.

The second issue is Segrist filed in federal court based solely on diversity jurisdiction, which requires complete diversity of citizenship between the parties. Segrist's complaints have consistently identified the individual defendants as "residents" of Texas, "[b]ut the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In addition, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Instead of identifying each LLC's members and their citizenships, Segrist has identified each LLC as either a "foreign" or "domestic" limited liability company in Nevada or Texas. (Doc. 22 at 2.) Segrist must file an amended complaint that identifies the citizenship of each individual defendant, and identifies each member of each LLC, and that member's citizenship. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). In filing this complaint, Segrist must comply with Local Rule 15.1 by attaching a version of the amended complaint identifying how it differs from his previous complaint.

The third issue is that even assuming Segrist can allege complete diversity, his current factual allegations appear insufficient. The amended complaint provides no meaningful factual allegations explaining the relationship between Ramirez and each defendant and between the numerous defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Of particular importance, that complaint does not explain why Ramirez might qualify as an employee or agent of each LLC and individual defendant. The amended complaint must provide significantly more facts explaining why

Segrist believes he can hold each defendant responsible in this case.

Finally, Segrist applied for Lippman's default, and that default was entered, despite Lippman's pending motion to dismiss. But after Lippman filed his motion to dismiss, he did not respond to any of the court's orders requiring he show cause for failing to complete the magistrate judge election form. Given Lippman's refusal to comply with court orders after filing a motion to dismiss, it is not clear whether Lippman still wishes to defend this suit. If he does not, it would be futile to vacate his default. The default will remain in place pending further action by Lippman. Segrist will be filing an amended complaint and Lippman is warned that if he wishes to defend the claims against him and avoid entry of default judgment, he must respond to the amended complaint by the applicable deadline. The amended complaint will render most of Lippman's motion moot, so it is denied. Lippman may include any arguments he wishes in responding to the forthcoming complaint. Segrist must serve his amended complaint on Lippman notwithstanding Fed. R. Civ. P. 5(a)(2).

**IT IS ORDERED** no later than **June 25, 2026**, plaintiff shall file an amended complaint that sufficiently alleges diversity jurisdiction and sufficient facts to state a claim for relief.

**IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 33) is **DENIED AS MOOT**.

Dated this 12th day of June, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -