**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trevor Segrist, | No. CV-25-04123-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Lippmann Motors LLC, et al., | |
| Defendants. | |

Plaintiff Trevor Segrist seeks an extension of time to serve defendants Normed, LLC and Lippmann Motors, LLC. (Doc. 57.) Segrist also requests leave to serve those defendants via publication. (Doc. 57.) Segrist's operative complaint and motion do not explain why only those two defendants remain to be served, nor do they explain why certain individuals are named as defendants. Segrist must file a statement explaining his allegations and motion.

Segrist was involved in a motor vehicle accident with a vehicle driven by defendant Yunier Molina Ramirez. Segrist's original complaint alleged Ramirez was an employee of Lippmann Motors LLC "and/or" an individual named Nikolas Binioris "and/or" Normed. (Doc. 1 at 4-5.) Segrist asserted a negligence claim against Ramirez and a "failure to properly train and/or supervise" claim against Lippmann Motors, Binioris, and Normed. (Doc. 1 at 10-11.)

Two months after filing his original complaint, Segrist filed an amended complaint. (Doc. 10.) That complaint added numerous individuals as defendants, including Abraham

Lippmann. (Doc. 10.) Segrist was unable to complete service of process on some of the defendants, and he applied for permission to serve those defendants by publication. (Doc. 20.) The court granted that request but then, for unknown reasons, Segrist filed a second amended complaint. (Doc. 22.) The second amended complaint added another entity, R & G Trucking, LLC, as a defendant. Abraham Lippmann learned of the suit and filed a motion to dismiss. (Doc. 33.) Abraham Lippman, however, did not respond to multiple court orders regarding his failure to execute the magistrate election form.

While Lippmann's motion to dismiss was pending, Segrist filed proofs of service and applied for entry of default against all defendants, which the Clerk of Court entered. (Doc. 53.) On June 12, 2026, the court issued an order explaining Segrist had not adequately alleged diversity jurisdiction. (Doc. 55.) The court also noted the allegations in the second amended complaint did not explain the relationship between the defendants nor how the various defendants might qualify as Ramirez's employer. (Doc. 55 at 3.) The court directed Segrist to file an amended complaint alleging diversity jurisdiction and providing clearer allegations regarding the basis for suing each entity and individual.

Segrist filed a third amended complaint that dropped many of the defendants he had named in his previous complaints. The third amended complaint names as defendants: Lippman Motors; Normed; R & G Trucking; Ramirez; Abraham Lippman; and Yoan Rodriguez Garcia. That complaint identifies the citizenship of each defendant, but the theory for naming both the LLCs and individuals remains unexplained. For example, Segrist alleges Lippman Motors "is not in good standing with the Texas Secretary of State, therefore, Defendant Abraham Lippman is a party." (Doc. 56 at 2.) Similarly, R & G Trucking "is not in good standing with the Nevada Secretary of State, therefore, Defendant Yoan Rodriguez Garcia is a party." (Doc. 56 at 3.) It appears Segrist believes the corporate forms should be disregarded merely because the LLCs are no longer in good standing.

After filing his third amended complaint, Segrist filed a motion seeking permission to serve Normed and Lippmann Motors by publication. The motion does not explain why Segrist is attempting to serve only those two defendants, when two other individuals who

remain named as defendants were also served by publication. (Docs. 31, 38.) Both Normed and Lippmann Motors had their default entered, which normally means no additional service is required. Fed. R. Civ. P. 5(a)(2). Additional service is required when "a pleading asserts a new claim for relief" against a party previously defaulted for failure to appear. *Id.* So perhaps Segrist believes he has asserted new claims against Normed and Lippmann Motors, such that additional service is required. If that is his belief, there is no explanation why he does not believe he has asserted new claims against R & G Trucking; Ramirez; Abraham Lippman; and Yoan Rodriguez Garcia.

Segrist must file a statement explaining: 1) why he is attempting to serve by publication only Normed and Lippmann Motors; and 2) the legal basis for naming Abraham Lippmann and Yoan Rodriguez Garcia as defendants merely because the LLCs are no longer in good standing.

**IT IS ORDERED** no later than **August 12, 2026**, plaintiff shall file a statement as outlined above.

Dated this 5th day of August, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -